UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>SHELIKY SANCHEZ,<br><br>　　Defendant. | Case No. 25-3574 KWR |

UNITED STATES' UNOPPOSED MOTION
TO DESIGNATE CASE AS COMPLEX UNDER SPEEDY TRIAL ACT

　　The United States of America respectfully moves this Court for an Order designating the above-captioned matter as a complex case and excluding time for purposes of the Speed Trial Act, pursuant to 18 U.S.C.§ 3161(h)(7)(A) and B(ii).

　　BACKGROUND

　　On September 9, 2025, the federal grand jury returned an indictment charging the Defendant with three capital-eligible offenses: (1) Carjacking Resulting in Death, in violation of 18 U.S.C. § 2119(a)(3), (2) Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime; Discharging Said Firearm; and Causing Death Through Use and Possession of a Firearm, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1); and (3) Kidnapping Resulting in Death, in violation of 18 U.S.C. § 1201(a)(1).

　　On September 26, 2025, the Defendant was arraigned before United States Magistrate Judge John Robbenhaar. Doc. 11. On that date, the Court issued the Standing Discovery Order and ordered the United States to provide its Rule 16 discovery disclosures within fourteen (14) days of the Order. Doc. 12. Since that date, the United States has produced approximately 3,413

items of discovery. The investigation of this case continues, and the United States believes that the discovery will eventually comprise tens of thousands of pages.

No trial date has been set. On October 31, 2025, the Defendant filed a pleading he styled "Position of Status of Case" in which he correctly represented to the Court that "[t]he parties agree that this case is complex and should be designated as such pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii)." Doc. 26 at ¶ 6.

### AUTHORITY

The Court may properly exclude certain periods of delay in computing the time within which trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the speedy trial period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. A continuance may be granted "by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." *Id*. The Speedy Trial Act further provides that among the factors to consider when determining whether or not to grant such a motion is:

> whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii). Here, the Government submits that this case is "unusual and complex" within the meaning of the above statute and should be designated as such for future pretrial proceedings in this matter.

<u>Nature of the Prosecution</u>

The present charges stem from the August 7, 2025, kidnapping, carjacking, and murder of an Uber driver in Albuquerque. The wide-ranging investigation involves multiple areas of

scientific and forensic evidence that will require expert analysis and explanation to produce and to make use of at trial for both parties. Additionally, evidence such as motor-vehicle onboard navigation systems and several cell phones were seized by law enforcement. The data from the seized devices appears to be voluminous and will take substantial time to inspect for further evidence and for the Defendant to review in preparation for trial.

Further, the United States requires additional time to process and produce some of the discovery in this case. Although much has already been produced, production of scientific reports and analysis, to include DNA, fingerprints, and forensic extractions of electronic devices is ongoing and will take additional time to finalize, collect, and produce to the Defendant. All of this will necessitate time well in excess of the standard discovery deadlines. The volume of documents and evidence collected in the present matter is substantial. The defense will need sufficient time to review, analyze, and investigate the evidence such that it can intelligently pursue pretrial motions, consider whether to retain experts, and mount a vigorous defense. Given the number of documents and the nature of the evidence collected, the parties request that the case be declared complex.

Finally, the three charged offenses each carry with them the potential penalty of death. In compliance with applicable regulations, the United States had intended to submit this matter for capital review on or before December 1, 2025. Pursuant to the request of the Defendant, the United States agreed to delay submission until June 1, 2026, to allow counsel to perform a thorough mitigation investigation. *See generally*, Doc. 26.

For all of the above reasons, the United States submits that both the Defendant and the Government will require additional time to prepare adequately for pretrial proceedings and trial than is provided in the short time limits established by the Speedy Trial Act. As such, the Government moves the Court for an Order designating the matter as complex in which any future

continuances granted will constitute excludable delay for purposes of the relevant time limits established by the Speedy Trial Act, and that the ends of justice served by such continuances outweigh the interests of the Defendant and the public in a speedy trial. As such, the Government requests the Court enter an order designating the case complex for purposes of all future pretrial proceedings pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

Counsel for the Defendant has represented in a filed pleading that he agrees the matter should be designated as complex.

Respectfully submitted,

RYAN ELLISON
Acting United States Attorney

Electronically Filed on November 17, 2025
**JACK BURKHEAD**
**SAMUEL A. HURTADO**
**KIMBERLY BELL**
Assistant United States Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274

I HEREBY CERTIFY that on November 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
Jack Burkhead
Assistant United States Attorney